## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF MASSACHUSETTS

In Re:

Stephanie T. Basile

Debtor

Petition No.: 09-18375 - WCH

Chapter 11

## VERIFIED MOTION OF DEBTOR FOR FINAL DECREE

Pursuant to Fred. R. Bankr. P. 3022 and MLBR 3022-1, Stephanie T. Basile (the "Debtor"), hereby requests that this Court issue a Final Decree and close the above captioned Chapter 11 case.

In support thereof, the Debtor states as follows:

1.  On August 28, 2009 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code").

2.  The Debtor's First Amended Plan of Reorganization dated July 7, 2010 (the "Plan") was confirmed by Order of this Court on September 29, 2010.

3.  Pursuant to Bankruptcy Code § 350 and Fed. R. Bankr. P. 3022, this case has been fully administered as reflected by the following:

    a.  The Order confirming the Plan is a final order,

    b.  All motions, contested matters and adversary proceedings have been finally resolved and any subsequent orders of the Court have been complied with;

    c.  The Plan is substantially consummated in accordance with Bankruptcy Code § 1101(2) and the provisions of the Plan and the confirmation Order; any subsequent orders of the Court have been complied with; and this case may be closed in accordance with Fed. R. Bankr. P. 3022;

d.  The debtor has paid all administrative expenses, including court-authorized professional compensation, and costs as set forth in Exhibit A;

e.  Edward G. Lawson, Jr., Esq. (the "Disbursing Agent") has commenced making distributions prescribed by the Plan as evidenced by the distribution schedule attached hereto as Exhibit B; and

f.  All remaining distributions prescribed by the Plan shall be made in accordance with the distribution schedule set forth in the attached Exhibit B which lists the names, addresses, and amounts to be paid to each of the recipients under the plan.

4.  Pursuant to Bankruptcy Code § 1141(d)(5), neither the confirmation of the Plan nor the entry of a Final Decree will result in the discharge of the Debtor from any debt provided for in the Plan. Upon completion of all payments provided for in the Plan, the Debtor intends to move to reopen this case and then seek the entry of a discharge using a procedure substantially similar to that set forth in MLBR 13-22.

5.  In order to address the Court's concern as to the monitoring of the Debtor's compliance with the payment requirements set forth in the Plan after the entry of the Final Decree, the Disbursing Agent has agreed, in the event the Debtor falls more than three months behind in making payments to the Disbursing Agent pursuant to the Plan, to notify the United States Trustee. After such notification, either the united States Trustee or the Disbursing Agent will move to reopen this case and seek appropriate relief from the Court.

WHEREFORE, the Debtor respectfully requests that the Court:

1.  Enter a Final Decree in the form attached hereto;

2.  Close this case; and grant such other and further relief as is just and proper.

STEPHANIE T. BASILE,
DEBTOR,

By her attorney,


/s/ Edward G. Lawson, Jr.
Edward G. Lawson, Jr. (BBO 645647)
260 Lonsdale Avenue
Pawtucket, RI 02860
401-725-1810
401-725-2244 fax
lawsonlaw@cox.net
lawsonlawri.com

Dated: November 19, 2010

## VERIFICATION OF DISBURSING AGENT


I, Edward G. Lawson, Jr., Disbursing Agent under the Debtor's First Amended Plan of Reorganization Dated July 7, 2010, having reviewed the statements contained in this Motion, do swear that to the best of my personal knowledge and belief they are true and correct.


_____
Edward G. Lawson, Jr.


Date: November 19, 2010

# EXHIBIT A

## Professional Fees and Administrative Expenses

| | |
|---|---|
| Edward G. Lawson, Jr., Esq. | $11,872.50 |
| Goluses & Company, LLP ("CPA") | $2,456.00 |
| United States Trustee | All quarterly fees paid |

EXHIBIT B: STEPHANIE BASILE - DISTRIBUTION ACCOUNTING     October 29, 2010

US BANKR(Pase 09-18376 of MASSACHUSETTS, B Filed 09-18376-HJB10   Entered 11/19/10 17:05:30   Desc Main
Document     Page 5 of 7

| AMT. AVAIL. FOR DIST. | AMOUNT OF "POT" PER PLAN : | | | | $40,000.00 |
|---|---|---|---|---|---|
| | DEBTOR'S CONTRIB. - OCTOBER, 2010: | | | | $600.00 |
| | TOTAL AVAILABLE: | | | | $40,600.00 |

| ADMIN. EXP. | | | TOT AMT OWED | AMT PAID | 59 ADD. PYMTS TO BE PD TO EA. ALLOWED UNSEC'D CRDR PER MONTH |
|---|---|---|---|---|---|
| Law Offices of Edward Lawson | | | $11,872.50 | $11,872.50 | |
| Goluses & Company, LLP ("CPA") | | | $2,456.00 | $2,456.00 | $14,328.50 |

**AMT. AVAIL. TO ALLOWED CREDITORS:**     $26,271.50     $600.00

| ALLOWED CREDITOR | REPRESENTING | Type/Debt | Acct. No. | TOT. OWED | AMT. PAID & ALLOWED | Per mon. 59 months AMT. TO BE PD PER CREDITOR: PER MONTH |
|---|---|---|---|---|---|---|
| Bank of America 4060 Ogletown Newark, DE 19713 | | c/c | xxxxx3471 | $38,171.00 | $692.68 | $15.82 |
| Chase Bank USA NA PO Box 15145 Wilmington, DE 19850 | | c/c | xxxxxx3744 | $119,402.00 | $2,166.77 | $49.49 |
| Amer. Expr. Centurian Bank PO Box 3001 Malvern PA 19355 | | c/c | xxxxxx4583 | $110.00 | $2.00 | $0.05 |
| Thomas Carlotto, Esq. Shectman Halperin Savage LLP 1080 Main Street Pawtucket RI 02860 | Amer. Expr.Centurian Bank PO Box 3001 Malvern PA 19355 | C/C | xxxxx8433 | $38,754.62 | $703.26 | $16.06 |
| Arbella Mutual Insurance c/o Albert Brock Insurance 53 Main Street Nantucket, MA 02554 | | mv ins. | | $68.00 | $1.23 | $0.03 |
| Arrow Gas Co. PO Box 1005 No. Kingstown RI 02852 | | utility | | $500.00 | $9.07 | $0.21 |
| Citi Card PO Box 6241 Sioux Falls, SD 57117 | | c/c | xxxxxx5528 | $38,586.00 | $700.22 | $15.99 |
| Diners Club International PO Box 6500 Sioux Falls, SD 57117 | | c/c | | $38,000.00 | $689.56 | $15.75 |
| Discover Bank DFS Services LLC PO Box 3025 New Albany, OH 43054 | | c/c | xxxxx9073 | $9,038.00 | $164.01 | $3.75 |
| Vaughn Dale Hunter PO Box 859 Nantucket, MA 02554 | | legal serv. | | $3,962.50 | $71.91 | $1.64 |
| Deidre M. Keady, Esq. Harmon Law Offices PO Box 610345 Newton Highlands, MA 02461 | Washington Mutual 7255 Baymeadows Way Jacksonville, FL 32256 | mtg foreclos. | | $520,000.00 | $9,436.38 | $215.51 |
| Deidre M. Keady, Esq. Harmon Law Offices PO Box 610345 Newton Highlands, MA 02461 | Chase Home Finance Dept OH4-7142 3415 Vision Drive Columbus OH 43219 | stripdown/ cramdown | | $403,290.92 | $7,318.47 | $167.14 |
| West End Landscape PO Box 3347 Nantucket, MA 02584 | | landscaping | | $1,676.19 | $30.42 | $0.69 |
| Neil Raphael, Esq. 1 Liberty Square Boston, MA 02109 | Countrywide Home Loans 7105 Corporate Drive Plano, TX 75024 | | | $236,155.57 | $4,285.49 | $97.87 |
| | | | | | | $600.00 |
| | TOTAL ALLOWED UNSECURED DEBT - | | | $1,447,714.80 | $26,271.50 | |

**SECURED DEBT PAYMENTS**

| CREDITOR | REPRESENTATIVE | DATE PD | AMT DUE & PAID | |
|---|---|---|---|---|
| Deidre M. Keady, Esq. Harmon Law Offices PO Box 610345 Newton Highlands, MA 02461 | Chase Home Finance Dept OH4-7142 3415 Vision Drive Columbus OH 43219 | 10/2010 | $4,687.40 | |

## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF MASSACHUSETTS

In Re:

      Stephanie T. Basile             Petition No.: 09-18375 - WCH

        Debtor                      Chapter 11

## FINAL DECREE

At Boston, in said District this ___ day of November, 2010.

This matter having come before me on the Verified Motion of Debtor for Final Decree (the "Motion"), due notice having been given, the Court having considered the matters set forth in the Motion, and it appearing to the satisfaction of the Court that the Estate has been fully administered, it is hereby: before this Court for hearing on September 22, 2010, notice having been mailed to all creditors and interested parties, and after consideration thereof, it appearing that the estate has been fully administered, it is hereby:

## ORDERED, ADJUDGED AND DECREED, that:

1.      The Motion be, and is hereby is, allowed.

2.      The Confirmation order of this Court dated September 29, 2010 shall continue in full force and effect.

3.      Pursuant to 11 U.S.C. § 1142(d)(5), the Debtor has not received her discharge nor shall the entry of the Final Decree result in the Debtor's discharge. In the future, the Debtor may seek to reopen this case for purposes of obtaining a discharge pursuant to 11 U.S.C. § 1141(d)(5)(A) or (B), as appropriate.

4.      In the event the debtor falls more than 90 days behind on the monthly payments to the Edward G. Lawson, Jr., Esq., (the "Disbursing Agent") required under her

confirmed Plan, the Disbursing Agent shall notify the United States Trustee and

either the United States Trustee or the Disbursing Agent shall move to reopen this

case for purposes of seeking appropriate relief from this Court.

5.    This case be, and it hereby is, closed.


APPROVED AS AN ORDER OF THE COURT THIS _____ DAY OF NOVEMBER,

2010.


_____
William C. Hillman
United States Bankruptcy Judge